IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT B. SULLIVAN,<br><br>*Plaintiff,*<br><br>vs.<br><br>STEVE SULLIVAN, HERBERT MCCOWEN, M.D., DIANA RUTHERFORD, SUSAN WILLIAMS, LISA SULLIVAN, MICHELLE SAFFORD, JANET GEREAU, AND JONATHAN ALAN KECK II,<br><br>*Defendants.* | Case No. 24-CV-2214-EFM-TJJ |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Alter or Amend Judgment Under Rule 59 (Doc. 14). For the following reasons, the Court denies Plaintiff's Motion.

**I.    Procedural Background**

Plaintiff filed this lawsuit pro se on May 20, 2024, asserting federal and state law claims against eight defendants (one deceased). His Complaint was screened by U.S. Magistrate Judge James, who issued a Report and Recommendation on August 13, 2024 ("the first R&R"). The first R&R recommended that the Court dismiss Plaintiff's federal claims for failure to state a claim and deny the exercise of supplemental jurisdiction for Plaintiff's state law claims. Plaintiff filed a response to the first R&R and an "Amended Pleading," which the Court correctly construed as an Amended Complaint.

The Court submitted the Amended Complaint to Magistrate Judge James for further screening. On March 21, 2025, she issued a Report and Recommendation ("the second R&R") recommending denial of Plaintiff's request for appointment of counsel, dismissal of Plaintiff's federal claims for failure to state a claim, and denial of the exercise of supplemental jurisdiction for Plaintiff's state law claims.

Plaintiff responded to the second R&R on April 4, 2025, providing what the Court described as "a rambling narrative largely failing to address the deficiencies noted in the most recent R&R." On April 16, 2025, the Court issued an Order adopting the second R&R and issued a Judgment dismissing Plaintiff's claims. Within 28 days of the Court's Judgment, Plaintiff filed a Motion to Alter or Amend Judgment under Rule 59 (Doc. 14).

## II. Analysis

Plaintiff seeks reconsideration of the Court's April 16, 2025 Order adopting the second R&R. A motion to alter or amend judgment under Rule 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[1] The moving party must establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior

---

[1] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[2] *Servants of the Paraclete*, 204 F.3d at 1012.

briefing."[3] Reconsideration of a judgment is an extraordinary remedy, and courts should grant it sparingly.[4]

Generally, Plaintiff asserts three arguments in support of his Motion. First, he contends that Magistrate Judge James erred in denying his request for appointment of counsel. He argues that she failed to consider his mental and physical disabilities and the complexity of his claims when making this determination. Plaintiff, however, could have asserted this argument in his response to the second R&R, but he failed to do so. Thus, he fails to offer a valid basis for reconsideration. Even if the Court were to consider Plaintiff's argument, it is meritless. Magistrate Judge James considered plaintiff's disabilities and the complexity of his claims in her second R&R. Indeed, she found that Plaintiff could present his claims and arguments despite his alleged disabilities. She also noted that the Court reviews the pleadings of a pro se litigant under a lenient standard, and even employing this standard, Plaintiff's allegations do not support his federal claims. Accordingly, the Court denies Plaintiff's request to reconsider its judgment as to the denial of the appointment of counsel.

Plaintiff next argues that Magistrate Judge James failed to adequately consider the allegations as to Defendant Dr. McCowen. As best the Court can tell, Plaintiff argues that Magistrate Judge James failed to find whether Dr. McCowen was engaged in an enterprise, as required by his RICO claim. Again, Plaintiff could have asserted this argument in response to the second R&R, but he did not. Furthermore, Magistrate Judge James did not need to determine whether Plaintiff adequately plead Dr. McCowen was engaged in an enterprise because Plaintiff's

---

[3] *Id.*

[4] *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (citation omitted).

allegations as to Dr. McCowen are sparse. As noted in the R&R, the only allegations as to Dr. McCowen in the Amended Complaint are that Dr. McCowen "fraudulently created medical records with a schizophrenic diagnosis for Plaintiff based on statements of Plaintiff's mother and sister," "fraudulently declare[d] Plaintiff a schizophrenic on January 19, 2016," and "covered up Plaintiff's Tarlov Cyst Disease." These factual allegations do not state a claim for relief under any theory of recovery.

Third, Plaintiff asserts several arguments concerning Magistrate Judge James' findings in the first R&R dated August 13, 2024. The Court vacated the first R&R on November 5, 2024, after Plaintiff filed his Amended Complaint. Because the first R&R was vacated, Plaintiff cannot seek reconsideration of it. Thus, any arguments Plaintiff makes as to the first R&R are irrelevant.

To the extent Plaintiff raises additional arguments not addressed above, the Court finds that they do not present an adequate basis for reconsideration of the Court's Order. In sum, Plaintiff fails to meet the exacting standard required for this Court to alter or amend its April 16, 2025 Order and Judgment. The Court's ruling stands.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Under Rule 59 (Doc. 14) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of June, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE